IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BRAD TOMASOVITCH,

    Plaintiff,

v.

CINRAM MANUFACTURING, INC.,

    Defendant.

CIVIL ACTION NO. 3:07-cv-1942

(JUDGE CAPUTO)

## MEMORANDUM ORDER

Presently before the Court is a motion for summary judgment by Defendant Cinram Manufacturing. (Doc. 22.) On October 24, 2007, Plaintiff Brad Tomasovitch filed a complaint against Defendant. (Doc. 1.) After Defendant filed its answer to the complaint (Doc. 5), the case was referred to mediation by Order of this Court on January 1, 2008 (Doc. 10). On March 12, 2008, the mediator filed a report with the Court that a settlement was not reached. (Doc. 12.) Defendant filed the present motion for summary judgment on October 17, 2008. (Doc. 22.) Plaintiff has failed to respond to this motion.

Local Rule 7.6 requires that "[a]ny party opposing any motion shall file a responsive brief, together with any opposing affidavits, deposition transcripts or other documents, within fifteen (15) days after services of the movant's brief . . . . Any respondent who fails to comply with this rule shall be deemed not to oppose such motion."

Although the deadline for filing an opposing brief has passed, Plaintiff has neither filed a brief in opposition to the Defendants' motions, nor requested an extension of time in which to do so. In *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991), the United States Court of Appeals for the Third Circuit held that a motion to dismiss should not simply be

granted because it is unopposed. Because the Local Rules of Court must be "construed and applied in a manner consistent with the Federal Rules of Civil Procedure," *Anchorage Assoc. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 174 (3d Cir. 1990), the disposition of an unopposed motion ordinarily requires a merits analysis. However, the Third Circuit Court of Appeals did not preclude dismissal based upon an unopposed motion after adequate warning. "We do not suggest that the district court may never rely on the local rule to treat a motion to dismiss as unopposed and subject to dismissal without a merits analysis . . . Nor do we suggest that if a party fails to comply with the rule after a specific direction to comply from the court, the rule cannot be invoked." *Stackhouse*, 951 F.2d at 30.

Based on Plaintiff's failure to take any action in response to Defendant's motion, it would appear that Plaintiff may have abandoned interest in pursuing this matter. However, the Court will grant additional time for the Plaintiff to respond to the motion and direct them to respond within fifteen (15) days. If Plaintiff fails to oppose the motion or otherwise communicate with the Court within fifteen (15) days of the date of this Order, the Court will consider the motion for summary judgment unopposed and grant dismissal without a merits analysis. Moreover, upon failure of Plaintiff to oppose the Defendant's motions, the Court may consider dismissing this case for failure to prosecute and failure to comply with a court order under FED. R. CIV. P. 41(b).

**NOW**, this 21st day of November, 2008, **IT IS HEREBY ORDERED THAT** Plaintiffs shall respond to Defendant's motion for summary judgment (Doc. 22) within fifteen (15) days of the date of this Order. If Plaintiff fails to timely oppose these Motions or otherwise communicate with the Court, the Court will grant the unopposed Motions to Dismiss without a merits analysis, and the Court will also consider dismissing the case for failure to prosecute

and failure to comply with a court order under FED. R. CIV. P. 41(b).

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge