# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRAD TOMASOVITCH,<br><br>    Plaintiffs,<br><br>    v.<br><br>CINRAM MANUFACTURING, INC.,<br><br>    Defendant. | CIVIL ACTION NO. 3:07-cv-1942<br><br>(JUDGE CAPUTO) |

## **MEMORANDUM ORDER**

Presently before the Court is a motion for summary judgment by Defendant Cinram Manufacturing.  (Doc. 22.)  On October 24, 2007, Plaintiff Brad Tomasovitch filed a complaint against Defendant.  (Doc. 1.)  After Defendant filed its answer to the complaint (Doc. 5), the case was referred to mediation by Order of this Court on January 1, 2008 (Doc. 10).  On March 12, 2008, the mediator filed a report with the Court that a settlement was not reached.  (Doc. 12.)  Defendant filed the present motion for summary judgment on October 17, 2008.  (Doc. 22.)  Plaintiff has failed to respond to this motion.

Local Rule 7.6 requires that "[a]ny party opposing any motion shall file a responsive brief, together with any opposing affidavits, deposition transcripts or other documents, within fifteen (15) days after service of the movant's brief . . . . Any respondent who fails to comply with this rule shall be deemed not to oppose such motion."

By Order dated November 11, 2008 (Doc. 26), this Court directed Plaintiff to file a brief in opposition to Defendants' motion for summary judgment (Doc. 22) within fifteen (15) days of the date of the Order.  The Order forewarned Plaintiff that if he failed to file a

brief within the required time period, the Court would deem the motion unopposed and grant it without a merits analysis. The Order also warned that the Court may consider dismissing the case under Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to comply with a court order. Although the deadline for filing an opposing brief has passed, Plaintiff has neither filed a brief in opposition, nor has he requested an extension of time in which to do so.

In *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991), the United States Court of Appeals for the Third Circuit held that a motion should not simply be granted because it is unopposed. Because the Local Rules of Court must be "construed and applied in a manner consistent with the Federal Rules of Civil Procedure," *Anchorage Assoc. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 174 (3d Cir. 1990), the disposition of an unopposed motion ordinarily requires a merits analysis. However, the Third Circuit Court of Appeals did not preclude dismissal based upon an unopposed motion after adequate warning. "We do not suggest that the district court may never rely on the local rule to treat a motion to dismiss as unopposed and subject to dismissal without a merits analysis. There may be some cases where the failure of a party to oppose a motion will indicate that the motion is in fact not opposed, particularly if the party is represented by an attorney and in that situation the rule may be appropriately invoked. Nor do we suggest that if a party fails to comply with the rule after a specific direction to comply from the court, the rule cannot be invoked." *Stackhouse*, 951 F.2d at 30; *see also Hollister v. United States Postal Service*, 142 F. App'x 576, 577 (3d Cir. 2005) (affirming the district court's treatment of defendant's motion to dismiss as unopposed based on plaintiff's failure to comply with Local Rule 7.6).

Plaintiff's complaint indicates that he is represented by counsel. (Doc. 1.) Moreover, Plaintiff was advised of the requirements of Local Rule 7.6 by the November 11, 2008 Order and directed to respond to Defendant's motion for summary judgment. (Doc. 26)   Plaintiff was notified that if he failed to oppose the motion or otherwise communicate with the Court within fifteen (15) days of the date of the Order, the Court would consider the motion for summary judgment unopposed.  Consequently, the Court will grant Defendant's motion without a merits analysis.

**NOW,** this __15th__ day of December, 2008, **IT IS HEREBY ORDERED THAT**:

(1) Defendant Cinram Manufacturing, Inc.'s motion for summary judgment (Doc. 22) is **GRANTED**.

(2) The Clerk of the Court shall mark this matter **CLOSED**.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge